UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 1:24-cr-00204-JPH-MKK ) |
| GILBERTO HERNANDEZ-SANCHEZ, | ) -01 ) |
| Defendant. | ) |

**ORDER ON MOTIONS *IN LIMINE***

The government has filed motions *in limine* seeking several pretrial evidentiary rulings. Dkt. [50]. For the following reasons, that motion is

**GRANTED in part and DENIED in part**:

| Government's Motions in Limine | | |
|---|---|---|
| # | Motion | Ruling |
| 1 | Mr. Hernandez–Sanchez's specified "A-File" documents are admissible | Granted in part; denied in part |
| 2 | Mr. Hernandez–Sanchez's statements to immigration officials are admissible | Granted, unopposed |
| 3 | Witnesses may testify about their reviews of A-File documents and government databases | Granted, unopposed |
| 4 | Daniel Morlan may testify as an expert in fingerprint analysis | Granted, unopposed |
| 5 | Prohibiting argument about the lawfulness of Mr. Hernandez–Sanchez's prior removal orders | Granted, unopposed |
| 6 | Prohibiting references and questions about immigration policy or charging decisions, other than in *voir dire* | Granted, unopposed |
| 7 | Two prior convictions may be used for impeachment | Reserved |
| 8 | Prohibiting "Golden Rule" appeals | Granted, unopposed |
| 9 | Prohibiting references to and argument about potential penalties | Granted, unopposed |
| 10 | Prohibiting comments relating to discovery | Granted, unopposed |

# I.
# Applicable Law

"Motions *in limine* are well-established devices that streamline trials and settle evidentiary disputes in advance, so that trials are not interrupted mid-course for the consideration of lengthy and complex evidentiary issues." *United States v. Tokash*, 282 F.3d 962, 968 (7th Cir. 2002). Still, orders *in limine* are preliminary and "subject to change when the case unfolds" because actual testimony may differ from a pretrial proffer. *Luce v. United States*, 469 U.S. 38, 41 (1984). A trial judge does not bind himself by ruling on a motion *in limine* and "may always change his mind during the course of a trial." *Ohler v. United States*, 529 U.S. 753, 758 n.3 (2000).

# II.
# Analysis

### A. Unopposed Motions

The government's motions *in limine* numbers 2, 3, 4, 5, 6, 8, 9, and 10 are unopposed and are **granted**.

### B. Evidence Regarding 2014 Removals

The government has filed a motion *in limine* requesting a ruling that certain documents from Mr. Hernandez–Sanchez's immigration "A-File" are admissible. Dkt. 50 at 1–4. At the final pretrial conference, Mr. Hernandez–Sanchez objected to the government's use of evidence of his 2014 removals from the United States and argued that references to those removals should be redacted from the government's exhibits. The government argues that evidence of Mr. Hernandez–Sanchez's 2014 removals is admissible as direct evidence of

2

the offense charged in the indictment. As a back-up position in case the Court determines that evidence of the 2014 removals is not admissible as direct evidence, the government has filed a notice of intent to use the evidence as "other acts" evidence under Federal Rule of Evidence 404(b). Dkt. 50 at 14–17; *see United States v. Ferrell*, 816 F.3d 433, 443 (7th Cir. 2015) ("Rule 404(b) does not apply to direct evidence of the crime charged.").

### 1. Direct Evidence

Mr. Hernandez–Sanchez is charged with one count of Illegal Reentry of a Removed Alien in violation of 8 U.S.C. § 1326(a). "To convict [Mr. Hernandez–Sanchez] of illegal reentry, the government need[s] to prove that (1) he [is] an alien; (2) he was previously removed pursuant to a valid order of removal; and (3) he subsequently reentered the United States without the permission of the Attorney General." *United States v. Campos–Rivera*, 15 F.4th 826, 830 (7th Cir. 2021) (reciting the elements of 8 U.S.C. § 1326(a)). For the second element—that Mr. Hernandez–Sanchez had previously been removed—the indictment alleges only his November 2021 removal. Dkt. 14.

The government contends that evidence of Mr. Hernandez–Sanchez's 2014 removals are direct evidence of the charged offense because it tends to show that Mr. Hernandez–Sanchez is an alien, lacks lawful status to be in the United States, and has not received permission to reenter the United States. Dkt. 50 at 15–16; *see* Fed. R. Evid. 401. The evidence regarding the 2014 removals includes, for example, statements from Mr. Hernandez–Sanchez admitting that he was a Mexican citizen, entered the United States by jumping

3

over a fence in Arizona, has not received permission to enter the United States, and was prohibited from entering the United States as a result of the removals. *E.g.* Tr. Exs. 4, 5, 6.

That evidence is directly relevant to the elements of the charged offense that the government must prove beyond a reasonable doubt—alien status, lack of lawful status, and lack of permission to apply for reentry. *See United States v. Dukes*, 147 F.4th 711, 717 (7th Cir. 2025); *cf. United States v. Moreno–Lopez*, 674 Fed. App'x 639, 641–42 (9th Cir. 2017) (explaining that "prior removals were relevant to proving alienage under 8 U.S.C. § 1326"). Evidence regarding the 2014 removals is therefore admissible as direct evidence, subject to Rule 403 balancing. *See United States v. Ortega–Cervantes*, 731 Fed. App'x 527, 529 (7th Cir. 2018) (finding sufficient evidence for 8 U.S.C. § 1326(a) conviction based in part on defendant's prior admission in immigration proceedings that he was "from Mexico and was ordered removed"); *Dukes*, 147 F.4th at 717 ("Direct evidence of a charged offense is almost always admissible against a defendant and does not implicate Rule 404(b)—even when it is also possible to draw a forbidden propensity inference from the evidence.").[1]

---

[1] Because the evidence about Mr. Hernandez–Sanchez's 2014 removals is direct evidence of the charge against him, Rule 404(b) does not apply. *United States v. Ferrell*, 816 F.3d 433, 443 (7th Cir. 2015) ("Rule 404(b) does not apply to direct evidence of the crime charged."). So, even though some evidence from Mr. Hernandez-Sanchez's 2014 removals is highly probative of, for example, identity, *see* Tr. Exs. 2, 4 (showing Mr. Hernandez–Sanchez's identifying information from a prior removal, including his fingerprints and picture), the Court does not address Rule 404(b).

### 2. Rule 403 Balancing

While the evidence about the 2014 removals is direct evidence of the charge in the indictment, it must pass Rule 403 balancing to be admissible. *See Ferrell*, 816 F.3d at 443 ("Of course, the district court may still choose to exclude relevant direct evidence under Rule 403."). Rule 403 allows the Court to "exclude relevant evidence if its probative value is substantially outweighed by one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."

Here, as explained above, evidence related to the 2014 removals has significant probative value because it is direct evidence of contested elements of the charged offense. *See Dukes*, 147 F.4th at 717 ("Direct evidence of a charged offense is almost always admissible against a defendant."). None of the facts at issue or elements of the charge have been stipulated, so while "additional evidence may have little probative value" for conceded or stipulated facts, that's not the case here. *United States v. Gomez*, 763 F.3d 845, 857 (7th Cir. 2014). For example, the government's evidence of the August 5, 2014, removal includes Mr. Hernandez–Sanchez's sworn statement that he was born in Mexico, a citizen of Mexico, and entered the United States by jumping a fence in Arizona. Dkt. 51 at 3; Tr. Ex. 4. The evidence is therefore "probative of key issues" as direct evidence of elements the government must prove. *Dukes*, 147 F.4th at 718.

The nature of evidence related to the 2014 removals, involving Mr. Hernandez–Sanchez's alien status and prior removals, is normal and unavoidable as evidence of the offense's elements, so this evidence carries little risk of *unfair* prejudice. *United States v. Johnson*, 89 F.4th 998, 1007–08 (7th Cir. 2024). And the government's evidence of the 2014 removals appears tailored and limited, without "prejudicial details" that might tip the Rule 403 balance toward exclusion. *See Dukes*, 147 F.4th at 718. Rule 403 therefore does not justify the exclusion of all evidence about Mr. Hernandez–Sanchez's 2014 removals.

The risk of unfair prejudice increases, however, if there is a drumbeat of evidence about prior removals not charged in the indictment. *See Moreno–Lopez*, 674 Fed. App'x at 642 ("In addition, the district court mitigated any potential prejudice by admitting evidence of only two of Moreno–Lopez's prior removals."). Moreover, the government has not explained why introducing evidence of the August 7, 2014, and August 29, 2014, removals—in addition to the August 5, 2014, and November 3, 2021, removals—would not be cumulative, waste the jury's time, and be substantially outweighed by the danger of unfair prejudice. *See* Fed. R. Evid. 403; *United States v. West*, 53 F.4th 1104, 1108 (7th Cir. 2022) ("Evidence may be deemed needlessly cumulative when it adds very little to the probative force of the other evidence in the case, such that its contribution to the determination of truth would be outweighed by its contribution to the length of the trial.").

The government may admit evidence of the August 5, 2014, removal. *See* dkt. 51 at 3.  Evidence related to the August 7, 2014, and August 29, 2014, removals may not be admitted without specific reasons why the probative value of two additional 2014 removals is not substantially outweighed by the danger of unfair prejudice, cumulative evidence, and wasting the jury's time.  If the government intends to seek the admission of evidence related to the August 7 and August 29 removals, it **shall file** a statement addressing the issues identified in this order **by 5:00 p.m. on September 9, 2025**.  The government then must seek leave of Court outside the presence of the jury before referencing evidence related to the August 7, 2014, and August 29, 2014, removals.  The government also shall redact any references in other evidence to those two removals.

Last, Mr. Hernandez–Sanchez **shall be prepared** at the beginning of trial to inform the Court whether he requests that a limiting instruction be given to the jury when evidence of any 2014 removals is introduced.  *See Dukes*, 147 F.4th at 718–19.

### C. Prior Convictions

The government has filed a motion in limine requesting a ruling that, if Mr. Hernandez–Sanchez testifies, he may be impeached with two prior convictions.  Dkt. 50 at 8–11. At the final pretrial conference, Mr. Hernandez–Sanchez requested that the Court reserve ruling because this issue may be moot if he decides not to testify.  The Court therefore **reserves ruling** on this

7

issue until after the close of the government's evidence when Mr. Hernandez-Sanchez decides whether he will testify at trial.

### III. Conclusion

The government's motions *in limine* are **GRANTED in part and DENIED in part** in accordance with this order. Dkt. [50]. As with all orders *in limine*, this order is preliminary and "subject to change when the case unfolds." *Luce v. United States*, 469 U.S. 38, 41 (1984). No party shall reference or attempt to elicit evidence that has been provisionally excluded by this order without first seeking permission from the Court outside the presence of the jury. Counsel **must raise** reasonably foreseeable evidentiary issues in advance outside the presence of the jury—generally before or after the trial day, over lunch, or at a break.

Each party **SHALL ENSURE** its witnesses' compliance with this order.

**SO ORDERED.**

Date: 9/8/2025

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

All electronically registered counsel